IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIE WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 4:16-cv-00269-JCH |
| v. | ) | |
| | ) | Jury Trial Demanded |
| HATHAWAY VILLAGE PARTNERS, LLC, | ) | |
| ANITA CHIMENTO, | ) | |
| MARY HAWKINS, | ) | |
| VALERIE DAVIS, | ) | |
| ANTHONY IRVING, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND/STAY

COME NOW Defendants Hathaway Village Partners, LLC, Anita Chimento, Mary Hawkins, Valerie Davis, and Anthony Irving (collectively "Defendants"), by and through counsel, and for their Response to Plaintiff's Motion/Petition to Judge for Stay of Plaintiff's Right to Tenancy at 11490 Latonka Trail Apt. D and to Amend Complaint to Include Age Discrimination, Disparate Treatment and Retaliation states as follows:

## INTRODUCTION

On April 13, 2016, Plaintiff Darrie Walton filed her "Motion/Petition to Judge for Stay of Plaintiff's Right to Tenancy at 11490 Latonka Trail Apt. D and to Amend Complaint to Include Age Discrimination, Disparate Treatment and Retaliation" (hereinafter the "Motion"). In her motion, Plaintiff seeks to

amend her initial Complaint to include new counts of age discrimination, disparate treatment of a senior citizen, and retaliation. Plaintiff alleges that, based on her filing of the instant lawsuit, Defendants' have engaged in retaliatory actions against her, such as, not renewing her lease agreement, threatening to shut off her water, forcibly opening her mailbox, and fraudulently making claims on her renter's insurance policy. These claims are without merit. Plaintiff also claims that due to Defendants' decision not to renew Plaintiff's lease, she is being disparately treated and discriminated against due to her age, as she is too old to move out the apartment.

Plaintiff further requests that the Court enter a restraining order against Defendant Hathaway Village Partners, LLC, precluding Hathaway Village from terminating her lease agreement until the resolution of this litigation. Because the new counts of age discrimination, disparate treatment, and age discrimination Plaintiff proposes to include in an amended petition are futile in nature, and Defendants decision not to renew Plaintiff's lease agreement is not a retaliatory action, this Court must deny Plaintiff's Motion to amend her Complaint and Stay her tenancy.

**ARGUMENT**

I.   **Motion to Amend**

"Proper justification for denying motion for leave to amend complaint includes: undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Bell v. Allstate Life Ins. Co., 160 F.3d 452 (8th Cir. 1998). Because the new counts of age discrimination, disparate treatment, and age discrimination Plaintiff proposes to include in an amended petition are futile in nature, this Court must deny Plaintiff's Motion to amend her Complaint.

A court may properly deny a motion to amend a pleading if the amendment would be futile. *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir.2008). A determination that an amendment is futile means the court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Downing v. Riceland Foods, Inc., 298 F.R.D. 587, 590-91 (E.D. Mo. 2014).

Plaintiff's proposed additional claims are futile, as the claims were not raised in either of Plaintiff's discrimination claims filed with the Missouri Commission on Human Rights (MCHR) and the U.S. Department of Housing and Urban Development (HUD). "Before initiating a civil action under the Missouri Human

Rights Act (MHRA), a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." <u>see</u> Mo. Rev. Stat. §§ 213.075, 213.111(1); <u>see also</u> <u>Roberts v. Panhandle E. Pipeline Co.</u>*,* 763 F.Supp. 1043, 1048 (W.D.Mo.1991). Exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint. <u>Tart v. Hill Behan Lumber Co.</u>, 31 F.3d 668, 671 (8th Cir. 1994). Thus, the scope of the civil suit, filed after a Plaintiff has received a right-to-sue letter, may be only as broad as the administrative investigation, but may include, however, those claims which are like or reasonably related to the charges set forth in the original administrative complaint. <u>see generally</u> <u>Id</u>.

Plaintiff's newly raised allegations of retaliation, disparate treatment, and retaliation are not like or reasonably related Plaintiff's charges with the MCHR and HUD of disability discrimination. Plaintiff's original complaints to MCHR and HUD set forth sweeping allegations of discrimination based on Plaintiff's disabilities. Plaintiff did not raise any allegations of discrimination or disparate treatment based on her age, or any claims of retaliation in her original complaints to MCHR and HUD.

In <u>Williams v. Little Rock Mun. Water Works</u>, the Eighth Circuit Court of Appeals decided whether a retaliation claim was like or reasonably related to racial discrimination claim arising out of an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC). <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 223 (8th Cir. 1994). The Court declared in <u>Williams</u>, "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party notice of the charge." <u>Id</u>. The Court ultimately decided that the Plaintiff's claims of race discrimination are separate and distinct form her claims of retaliation.

The Seventh Circuit has similarly held in <u>Rush v. McDonald's Corp.</u>, that it will not suffice to file general discrimination charges with an administrative agency, and then expect that those general charges will permit any and all claims of discrimination to be set forth in a subsequent lawsuit. <u>See Rush v. McDonald's Corp.</u>, 966 F.2d 1104, 1112 (7th Cir. 1992). The same principles set forth in <u>Williams</u> and <u>Rush</u> can be applied to the instant case. Allowing Plaintiff to amend her initial Complaint to encompass allegations outside the ambit of her initial MCHR and HUD complaints would circumscribe both administrative agencies' investigatory roles, and would deprive

Defendants of notice of any age discrimination or retaliation charges. Plaintiff should not be permitted to include any and all claims of discrimination in the current lawsuit, simply because she filed general claims of discrimination at the administrative level.

Therefore, because Plaintiff failed to raise any allegations of age discrimination, disparate treatment, or retaliation in her administrative complaints to MCHR or HUD, her proposed amendments to her original Complaint are futile, as they would not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  Motion to Stay

Through her Motion to Stay, Plaintiff is essentially requesting the Court to enter a temporary restraining order precluding Defendants from exercising their rights to decline to renew her lease prior to the resolution of this litigation. Under R.S.Mo. § 213.111, "the court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order" after a right to sue letter has been issued by the Missouri Commission on Human Rights. Mo. Rev. Stat. § 213.111 (2015). While it is within the authority of the Court to enter a restraining order in the appropriate circumstances, the Court should exercise its discretion and deny Plaintiff's Motion for Stay.

Whether a preliminary injunction or temporary restraining order should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) A temporary restraining order is an extraordinary and drastic remedy. King v. Blake, No. 4:08CV1050 RWS, 2009 WL 73678 (E.D. Mo. 2009); citing Williams Pipe Line Co. v. City of Mounds View, Minnesota, 651 F.Supp. 544, 548 (D.Minn.1986). The burden of proving that the relief should be awarded rests entirely on the movant. Goff v. Harper, 60 F.3d 518, 520 (8th Cir.1995).

Plaintiff has failed to show any irreparable harm will befall her should the Court deny her a temporary restraining order. Defendants gave Plaintiff sixty days' notice of their intent not to renew Plaintiff's lease agreement. Sixty days is more than adequate time to locate a new apartment and make moving arrangements in a major metropolitan area like St. Louis.

"Likelihood of success on the merits requires that the movant find support for its position in governing law. In order to weigh in the movant's favor, the movant's success on the merits must be 'at least ... sufficiently likely to support the kind of relief it requests.'" McLeodUSA Telecommunications

Servs., Inc. v. Qwest Corp., 361 F. Supp. 2d 912, 919 (N.D. Iowa 2005). Plaintiff has not provided any support for her position in governing law that would warrant the type of relief that she requests. In fact, she has completely failed to adequately plead her request for a temporary restraining order. Plaintiff cannot provide support for her position with governing law, and therefore, her request for a restraining order should be denied.

The lease agreement entered into between Plaintiff and Defendants expires by its own terms on May 31, 2016. Plaintiff cannot, and will not, be able to prove any facts that Defendants have acted in any type of retaliatory manner in exercising their contractual right not to renew the lease agreement. By the terms of the lease agreement, Defendants are under no obligation to renew the lease agreement with Plaintiff. Because Defendants' decision not to renew Plaintiff's lease is not a retaliatory action, but instead is entirely within their property rights as a landlord, this court should deny Plaintiff's Motion to Stay her tenancy.

Plaintiff has no vested right in continued tenancy at Defendants' property. The allegations of Plaintiff's own complaint, combined with the multiple exhibits attached thereto, demonstrate long running problems with Plaintiff, wholly unconnected with her recent lawsuit. Plaintiff cannot be allowed

to frustrate Defendants' contractual rights simply by filing a lawsuit.

For the above and foregoing reasons, this Court must deny Plaintiff's Motion/Petition to Judge for Stay of Plaintiff's Right to Tenancy at 11490 Latonka Trail Apt. D and to Amend Complaint to Include Age Discrimination, Disparate Treatment and Retaliation, and for such further relief the Court deems just and necessary.

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Graham J. Spence
Martin J. Buckley    #37000MO
Graham J. Spence    #67648MO
Adrian P. Sulser    #33103MO
1139 Olive St., Ste. 800
St. Louis, MO 63101
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
mbuckley@buckleylawllc.com
Gspence@buckleylawllc.com
Sulser@buckleylawllc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of April, 2016, a copy of the above and forgoing was sent via U.S. Certified Mail, postage prepaid to: Ms. Darrie Walton, 11490 LaTonka Trail, Apt. D, Florissant, MO 63033.

/s/ Graham J. Spence