IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRIE WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-00269-JCH |
| ) | |
| HATHAWAY VILLAGE PARTNERS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Stay of Plaintiff's Right to Tenancy and to Amend Complaint (hereinafter, "Motion to Stay") (ECF No. 19), Plaintiff's Motions for Default Judgment (ECF Nos. 21, 23), and Defendants' Motion to Dismiss (ECF No. 15). The Motions are ready for disposition.

## BACKGROUND

In July 2015, Plaintiff filed a complaint with the United States Department of Housing and Urban Development (the "HUD") alleging that, because of her disability, Defendant Hathaway Village Partners, LLC (hereinafter, "Hathaway") and Defendant Valerie Davis had failed to make adequate repairs to her apartment and had harassed her. (ECF No. 1.3 at 2-3.) Plaintiff also filed a complaint with the Missouri Commission on Human Rights ("MCHR").[1] *Id.* at 5-6. The HUD determined that "[t]he investigation failed to establish a causal connection between [Plaintiff's] disability and any alleged harassment," and the MCHR issued a right to sue notice upon concluding that no violations of the Missouri Human Rights Act had occurred. *Id.* at

---

[1] In her Complaint, Plaintiff alleges that she has filed a separate action in the Circuit Court of Cole County, Missouri, "per [the] MCHR." (ECF No. 1 at 2.)

3, 5. Proceeding pro se, Plaintiff filed the instant property action on February 29, 2016. (ECF No. 1.) In her Complaint she asserts, among other claims, that Defendants violated her First and Fourteenth Amendment rights (Count V); that "Plaintiff Established Causal, Plausible, and Nexus Connections to Defendants Investigation Statements" (Count VI); and that "Plaintiff Demands a Jury Trial" (Count VII). *Id.* at 26-32.

## DISCUSSION

**A.     Motion to Stay**

In her Motion to Stay, filed on April 13, 2016, Plaintiff requests that "a temporary order be put in place for a Stay of Plaintiff's current lease giving her the right to reside at the address…until all testimony and evidence is heard in this case." (ECF No. 19 at 3.) Plaintiff has attached to her Motion a copy of a document she received from Hathaway titled "Notice of Non-Renewal of Lease," dated March 30, 2016, which indicates that her lease will expire on May 31, 2016 and will not be renewed. *Id.* at 6. In their Memorandum in Opposition, Defendants argue that Plaintiff's request, which is essentially one for a temporary restraining order ("TRO"), should be denied because "Plaintiff has failed to show that any irreparable harm will befall her should the Court deny her a [TRO]," and because she "has not provided any support for her position in governing law that would warrant the type of relief that she requests." (ECF No. 24 at 6-8.)

"In deciding a motion for a preliminary injunction, a district court balances four factors: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citing *Dataphase Sys., Inc., v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th

2

Cir. 1981)). "A preliminary injunction is an extraordinary remedy," and "the burden of establishing the propriety of an injunction is on the movant." *Id.* (citations omitted). Upon consideration of the foregoing standards, the Court finds that Plaintiff has failed to demonstrate a threat of irreparable harm in absence of relief, as well as her likelihood of success on the merits. The Court will therefore deny Plaintiff's request for a temporary order allowing her to reside at the address in question during the pendency of this action.

Also in her Motion to Stay, Plaintiff seeks to amend her Complaint by interlineation to include new counts of age discrimination, disparate treatment of a senior citizen, and retaliation. (ECF No. 19 at 1-3.) Defendants argue that Plaintiff's proposed additional claims are futile because she did not raise the claims before the HUD or the MCHR, and has thus failed to exhaust them. (ECF No. 24 at 3-6.)

The Fair Housing Act ("FHA") provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court…not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice…to obtain appropriate relief with respect to such discriminatory housing practice…" 42 U.S.C. § 3613(a)(1)(A). Section 3613(a)(2) explicitly states that "[a]n aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed [with the HUD] and without regard to the status of any such complaint." 42 U.S.C. § 3613(a)(2); *see also* 42 U.S.C. § 3610(a) (administrative enforcement; aggrieved person may, not later than one year after alleged discriminatory housing practice has occurred or terminated, file complaint with Secretary alleging such discriminatory housing practice). In view of the foregoing provisions, and because Defendants have failed to cite any authority for support of their proposition that Plaintiff cannot raise before this Court any claims she did not present to the HUD, the Court

finds that Defendants have failed to meet their burden of showing that it would be legally futile to allow Plaintiff to amend her Complaint. The Court will therefore grant Plaintiff's request to amend her Complaint. *See* Fed. R. Civ. P. 15(a) (party may amend pleading once as matter of course within 21 days after service of responsive pleading; leave to amend complaint "shall [otherwise] be freely given when justice so requires"); *see also Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (under liberal amendment policy, denial of leave to amend pleadings is appropriate "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated").

Plaintiff, however, has failed to provide the Court with a pleading that includes all claims she wishes to pursue in this action. All of her claims must be included in one, centralized complaint form. Accordingly, the Court will order Plaintiff to file an amended complaint on a court-provided form.[2] Plaintiff must follow the Court's instructions relating to the filing of her amended complaint, or she will face dismissal of this action, without prejudice. Plaintiff is forewarned that the filing of an amended complaint completely replaces the original complaint, and claims that are not re-alleged are deemed abandoned.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and…a demand for the relief sought." Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct," and Rule 10(b) requires that "[a] party must state its claims…in numbered paragraphs, each limited as far as practicable

---

[2] The Court will instruct the Clerk of Court to provide Plaintiff with the proper form.

to a single set of circumstances." Plaintiff must clearly state the defendants against which she is pursuing allegations, and she must articulate, *for each of those defendants*, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.

**B.     Motions for Default Judgment**

In her Motions for default judgment, filed on April 18, 2016, Plaintiff asserts that Defendants' Answer and Motion to Dismiss were untimely because defense counsel filed the responsive pleadings prior to filing a formal Entry of Appearance. (ECF No. 21, 23.) The record demonstrates, however, that the attorneys for Defendants filed the responsive pleadings on April 11, 2016, which was in accordance with this Court's March 17, 2016 Order, and that they filed a formal Entry of Appearance two days later. (ECF Nos. 8, 11, 15-18.) Contrary to Plaintiff's contention, the attorneys' subsequent entry of appearance does not render Defendants' responsive filings untimely or otherwise invalid. In addition, without an entry of default by the Clerk, a default judgment cannot be entered under Federal Rule of Civil Procedure 55(b). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default under Rule 55(a) must precede grant of default judgment under Rule 55(b)). Therefore, Plaintiff's Motions for Default Judgment will be denied.

**C.     Motion to Dismiss**

In their Motion to Dismiss, Defendants seek dismissal of Counts V, VI, and VII of the original Complaint. (ECF No. 15.) Because an amended complaint supersedes the original

5

complaint and renders it without legal effect, *see In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000), pending motions pertaining to the original complaint should be denied as moot, *see Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). Therefore, Defendants' Motion will be denied, without prejudice to the filing of motions concerning the amended complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay of Plaintiff's Right to Tenancy and to Amend Complaint (ECF No. 19) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, in accordance with the instructions set forth above, *no later than thirty (30) days from the date of this Order*.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided Pro Se Civil Complaint Form.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of an amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Default Judgment (ECF Nos. 21, 23) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **DENIED without prejudice as moot**.

Dated this 28th day of April, 2016.

                                        /s/ Jean C. Hamilton

                                        UNITED STATES DISTRICT JUDGE