RECEIVED
MAY 0 2 2016
BY MAIL

FILED
MAY 2 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARRIE WALTON, )
)
Plaintiff )
)
vs ) Cause No: 4:16-cv-00269-JCH
)
Hathaway Village Partners, LLC )
Anita Chimento )
Mary Hawkins )
Valerie Davis )
Anthony Irving )
)
Et Al )
)
Defendants )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

COMES NOW Plaintiff, Darrie Walton, and states as follows her RESPONSE to Defendants' Opposition Memorandum received April 27, 2016 late pm. Your Honor, plaintiff is not a board certified attorney. Plaintiff has requested mercy of the court and assistance through access to justice statutes/law to assist her to defend her rights in this ongoing case. Plaintiff in her opinion and understanding of law [which is minimal when it comes to real estate law] is that Defendants attorneys in the law firm of Buckley & Buckley have not met the Fed R. of Civil Practice [RULE 47.3] pertaining to APPEARANCE at the initial state of response. **Plaintiff Attachment A**

Rule 47.3 [for the version Plaintiff has] states:

(a) Parties and amicus curiae must be represented: individual appearing PRO SE; attorney of record; of counsel. – Except for an individual (not a corporation, partnership, organization, or other legal entity) appearing pro se, each party in the action, <u>each party seeking to or permitted to intervene,</u> and each amicus curiae must appear through an

1

attorney who is authorized to practice before this court and <u>must designate one attorney as the attorney of record. Other attorneys **assisting the attorney of record shall be designated as "of counsel".** All attorneys name on a brief must enter an appearance.</u>

(b) ..................................................................................

(c) Appearance; contents; service of papers prior to appearance; withdrawal of counsel. – Each Pro Se party and each attorney of record <u>must file a written appearance on the form provided by clerk **within 10 days after the appeal is docketed.**</u> Attorneys retained thereafter shall file an appearance within 10 days after being retained. The appearance shall include the names of the pros se party or the party or parties represented and the name, address and telephone number of the individual appearing pro se or the attorney. Attorney appearance shall show the name of the law firms or public or quasi public legal offices with which they are associated. <u>A new notice of appearance must be filed and served each time the information on record changes.</u> Until such time as a party appearing pro se or an attorney of record has filed a written appearance, service of all papers shall be made upon the party appearing pro se or the attorney of record in the proceeding below at the last known address. <u>An Attorney of record, other than a government attorney who has</u> been properly replaced, <u>may not withdraw from the representation of a party without serving notice on the party, filing a motion to withdraw, and obtaining the consent of court.</u>

(d) Signature

### PRACTICE NOTE

Filings requiring signature and appearance. <u>After docketing, **no filing required to be signed will be accepted by the clerk unless it is signed by a party proceeding pro se or by an attorney** who is a member of the bar and unless the party proceeding pro se or the attorney has entered an appearance in the case.</u>

New counsel on appeal. New counsel on appeal should provide a copy of the entry of appearance form filed in this court to the lower tribunal to expedite service of the certified list and other communications.

Plaintiff's understanding and opinion is that Buckley and Buckley have not met the minimal requirements set forth in practice to respond to the April 11, 2016 brief and therefore their response cannot be accepted by the clerk of the court or Plaintiff. The attorneys of record as of April 11, 2016 are, Lead attorney Thomas Avery and he was not the attorney who filed the April 11, 2016 response. Neither, was co counsel, Chantal Fink, the attorney who signed or filed the April 11, 2016 response to Plaintiff's February 29, 2016 docketed brief.

Plaintiff received no notification that Avery or Fink had solicited the co counsels stated in the Buckley & Buckley responsive brief. Avery and Fink have not legally or procedurally removed themselves as the attorneys of record from this case. Buckley and Buckley are legally able to speak as co counsels after the ENTRY OF APPEARANCE letter was filed April 13, 2016. In Plaintiff's understanding and opinion she is entitled to a Default filing by the Clerk of the Court and a subsequent Default Judgment because the brief was not procedurally filed by the Attorney of Record, who requested the extension of time to file Defendants' responsive brief. Buckley and Buckley attorneys can only be listed as co counsels until proper withdrawal is made by Attorney Avery in this case.

For the reasons stated in this filing Plaintiff prays that the court accepts Plaintiff's "First and Second Motions" to Judge for Default Judgment against Defendants. Plaintiff prays for Judgment and any other relief the court deems just and proper.

Respectfully,
Signature: *[signature]*
Darrie Walton
11490 Latonka Trail Apt D
Florissant, Mo. 63033
314-741-6521

## CERTIFICATE OF SERVICE

The undersigned PRO SE, hereby certifies that I, have caused the attached Response to Defendants Memorandum in Opposition to Plaintiff's Request for Default and Default Judgment to be filed on April 29, 2016:

**CERTIFIED to:**

Clerk of the Court
United States District Court
Eastern District Of Missouri
111 S Tenth Street Suite 3.300
St. Louis, Mo. 63102

**REGULAR mail to:**

Attorney Mark Avery
   and
Attorney Chantal Fink
Blitz, Bardgett, & Deutsch, L.C.
120 S. Central Ave. Ste. 1500
St. Louis, Mo. 63105
314-863-1500

Martin J. Buckley
Graham J. Spence
Adrian Sulser
Attorneys at Law
Buckley & Buckley, L.L.C.
Suite 800
1139 Olive Street
St. Louis, Mo.63101-1928

Signature: /s/ Darrie Walton
Darrie Walton, Pro Se
11490 Latonka Trail Apartment D
Florissant, Mo. 63033
314-741-6521

4

Attachment A

Attachment A
Guide for the
Penthouses & Appellations

promulgation be furnished to the Administrative Office of the United States Courts.

* * * * *

## FEDERAL CIRCUIT PROCEDURAL MATTERS

Rule 47.1.  Sessions and places of holding court

    (a)    *Sessions.* -- Sessions of the court will be held as announced by the court.

    (b)    *Places of holding court.* -- The court may hold sessions in any place named in 28 U.S.C. § 48 and permitted under 28 U.S.C. § 48 (b).

Rule 47.2.  Panels

    (a)    *Panels.* -- Cases and controversies will be heard and determined by a panel consisting of an odd number of judges not fewer than three, two of whom may be senior judges of the court. A panel of more than three judges may be provided when warranted; appeals in cases from the Court of International Trade decided by a three-judge court pursuant to 28 U.S.C. §255 will ordinarily be referred to a panel of five judges.

    (b)    *Assignment of cases; subsequent appeals in the same matter.* -- Assignment of cases to panels will be made so as to provide each judge with a representative cross section of the fields of law within the exclusive jurisdiction of the court. A subsequent appeal or petition in a case will to the extent possible be assigned to the panel that decided the earlier appeal(s) or petition(s).

Rule 47.3.  Appearance

    (a)    *Parties and amicus curiae must be represented; individuals appearing pro se; attorney of record; of counsel.* -- Except for an individual (not a corporation, partnership, organization, or other legal entity) appearing pro se, each party in the action, each party seeking to or permitted to intervene, and each amicus curiae must appear through an attorney who is authorized to practice before this court and must designate one attorney as the attorney of record. Other attorneys assisting the attorney of record shall be designated as "of counsel." All attorneys named on a brief must enter an appearance.

    (b)    *Petition for writ of mandamus or writ of prohibition.* -- The attorney whose name, address, and telephone number first appears on a petition for writ of mandamus or writ of prohibition will be deemed attorney of record.

    (c)    *Appearance; contents; service of papers prior to appearance; withdrawal of counsel.* -- Each pro se party and each attorney of record must file a written appearance on the form provided by the clerk within 10 days after the appeal has been

docketed. Attorneys retained thereafter shall file an appearance within 10 days after being retained. The appearance shall include the name of the pro se party or the party or parties represented and the name, address, and telephone number of the individual appearing pro se or the attorney. Attorneys' appearances shall show the name of the law firms or public or quasi-public legal offices with which they are associated. A new notice of appearance must be filed and served each time the information on record changes. Until such time as a party appearing pro se or an attorney of record has filed a written appearance, service of all papers shall be made upon the party appearing pro se or the attorney of record in the proceeding below at the last known address. An attorney of record, other than a government attorney who has been properly replaced, may not withdraw from the representation of a party without serving notice on the party, filing a motion to withdraw, and obtaining the consent of the court.

(d) *Signature.* -- Each brief, petition, motion, application, notice, or other paper required or permitted to be filed shall contain the original signature in ink of the party appearing pro se or the attorney of record on at least one of the copies presented for filing. In a brief or petition that has been commercially printed, the printed name in lieu of a signature shall be deemed an original signature. When the attorney of record is unavailable to sign, another attorney appearing for the party may sign. When no attorney appearing is available to sign, any person having actual authority may sign on behalf of the attorney of record, attaching an affidavit of authority, or unsworn declaration of authority under penalty of perjury pursuant to 28 U.S.C. § 1746, to the paper containing the signature.

\* \* \* \* \*

### Practice Note

*Filings requiring signature and appearance.* After docketing, no filing required to be signed will be accepted by the clerk unless it is signed by a party proceeding pro se or by an attorney who is a member of the bar and unless the party proceeding pro se or the attorney has entered an appearance in the case.

*New counsel on appeal.* New counsel on appeal should provide a copy of the entry of appearance form filed in this court to the lower tribunal to expedite service of the certified list and other communications.

Rule 47.4. Certificate of interest

(a) *Purpose; contents.* -- To determine whether recusal is necessary or appropriate, an attorney for a party in the action, each party seeking to or permitted to intervene, or amicus curiae other than the United States must furnish a certificate of interest (in the form set forth in the appendix to these rules) stating, in the order listed:

(1) The full name of every party or amicus represented by the attorney in the case.